IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PABLO ESTEVEZ GONZALEZ

Petitioner

v.                                        CIVIL NO.: 06-1424 (ADC/MEL)

EDGARDO COLOMBA-RIVERA, ET AL.

Respondents

## REPORT AND RECOMMENDATION

**I.    PROCEDURAL BACKGROUND**

On May 3, 2006, Guayama Annex 296 Correctional Institution inmate Pablo Estevez-Gonzxález ("petitioner"), filed a *pro se habeas corpus* petition pursuant to 28 U.S.C. § 2254 in conjunction with a motion for leave to proceed *in forma pauperis*. (Docket 1-2.) The petition claimed that: (1) petitioner had been denied equal protection because co-defendants in his criminal case had received lighter sentences; (2) the state courts did not take account of the fact that he is from the Dominican Republic and does not understand the legal system in Puerto Rico; (3) his sentence is excessive and at its completion he will be deported; (4) that his attorney provided ineffective assistance by failing to contact him regarding issues during his trial *in absentia* and his request that the attorney file a motion for reconsideration on his behalf. (Docket 2 at 11-13.)

On July 18th, 2007, the court granted petitioner a term of twenty (20) days "to provide copies of any and all state court resolutions and opinions, demonstrating that he exhausted **all** available state remedies and 'fairly and recognizably presented to the state courts the factual and legal bases of this federal claim.'" (Docket 8 at 3) (emphasis in original). The court specified that "[f]ailure to comply with this Order shall entail dismissal of the instant case." Id. In response to the court's order,

<u>Estevez-González v. Colomba-Rivera, et al.</u>
Civil No. 06-1424 (ADC/MEL)
Report and Recommendation

petitioner filed a motion in compliance on August 7, 2007, with the following exhibits attached: (1) two sworn statements made by William Garay Martínez; (2) a newspaper article; (3) two sworn statement made by Andres Castillo Buten; (4) a police report; (5) a photograph of an identification line-up; (6) a sworn statement bade by Manuel Emilio Buten; (7) a motion for a judgment notwithstanding the verdict made to the trial court; (8) a motion requesting the trial court to take mitigating factors into account during sentencing; (9) a motion requesting discovery prior to trial; (10) the opposition to the motion requesting discovery; (11) the order regarding the motion requesting discovery; (12) the opinion of the Puerto Rico Court of Appeals affirming the trial court's denial of petitioner's motion pursuant to Puerto Rico Rule of Criminal Procedure 192.1; and (13) the opinion of the Puerto Rico Supreme Court denying an "Informative Motion" filed by petitioner. (Docket 9; Docket 9-2.)

II.   LEGAL ANALYSIS

A. Exhaustion of State Remedies pursuant to 28 U.S.C. § 2254

In order to pursue a claim under 28 U.S.C. § 2254 for *habeus corpus* relief, a petitioner must exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). The petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 842. Even in a state where the state's highest court has discretionary review, a petitioner must "present his claims...to a state court of last resort [in order] to *properly* present[] his claims to the state courts" for the purposes of exhausting state remedies under 28 U.S.C. 2254. <u>Id.</u> at 848-49 (emphasis in original). The First Circuit has "noted that there are myriad ways in which a petitioner

Estevez-González v. Colomba-Rivera, et al.
Civil No. 06-1424 (ADC/MEL)
Report and Recommendation

might satisfy his or her obligation to fairly present a federal constitutional issue to a state's highest court," including: "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution."Barressi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002) (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

Although the list is not exclusive, the undersigned need not consider any other variations on alerting a state's highest court of federal constitutional issues because petitioner has provided insufficient evidence to illuminate what federal constitutional issues, if any, were fairly presented to the Puerto Rico Supreme Court. (See Docket 9-2.) With regard to the Puerto Rico Supreme Court's consideration of his claims, petitioner has provided the court with a copy of the court's three-sentence ruling on his "informative motion" that contains no explanation as to the content of the motion, nor the court's reason for denying said motion. (See Docket 9-2 at 34.) Furthermore, petitioner has not presented a copy of the "informative motion" or any other material he may have submitted to the Puerto Rico Supreme Court.

Petitioner has submitted a copy of the Puerto Rico Court of Appeals opinion affirming the trial court's rejection of his motion pursuant to Puerto Rico Rule of Criminal Procedure 192.1, in which petitioner raised at least some of the claims presented in his petition for federal *habeas* relief. (See Docket 9-2 at 25-32.) This document, however, gains him no ground for the purposes of demonstrating that he has exhausted state court remedies in light of the absence of any information

Estevez-González v. Colomba-Rivera, et al.
Civil No. 06-1424 (ADC/MEL)
Report and Recommendation

as to the federal constitutional issues presented to the Puerto Rico Supreme Court. See Clements v. Maloney, 485 F.3d 158, 163-64 (1st Cir. 2007). The First Circuit has held that the exhaustion requirement is not satisfied by showing that the federal constitutional issues were presented before a state intermediate appellate court if said claims were not also presented before the state's highest court. Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (citing Mele v. Fitchburg Dist. Court, 850 F.2d 817, 823 (1st Cir. 1988)). In order to present the state's highest court with the "opportunity to review the federal claim" necessary to show exhaustion of state court remedies, the petitioner must include his federal constitutional issues in his appeal to that court. Id.

There may be an exception to this requirement that allows consideration of "pleadings and filings submitted...to lower state courts" in the analysis of exhaustion of state remedies. Clements, 485 F.3d at 163. This exception, if it is available at all, depends on whether a petitioner's complaint is ambiguous as to the issues presented before a state's highest court. Id. at 163-64.[1] Even if it is still valid, the exception would require examination of the documents submitted to the Puerto Rico Supreme Court by petitioner, of which none appear in the record. See id.; (Docket 9-2.) Given that the petitioner in the present case has submitted no documentation as to the issues presented to the Puerto Rico Supreme Court in his "informative motion", the undersigned cannot conclude that petitioner has satisfied the exhaustion requirement necessary to seek *habeas* relief in federal court

---

[1]The First Circuit has expressed doubt as to whether the exception established in Barressi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002), is still valid in the wake of the Supreme Court's decision in Baldwin v. Reese, 541 U.S. 27, 32 (2004), in which the Supreme Court held that a state prisoner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." See Clements, 485 F.3d 158, 164.

for any of the claims presented in his petition. Therefore, the petition for federal *habeas* relief should

be denied.

**III.   CONCLUSION**

For the reasons explained above, it is recommended that the petition for federal *habeas* relief

pursuant to 28 U.S.C. § 2254, (Docket 2), be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation.

Failure to file same within the specified time waives the right to appeal this order. Henley Drilling

Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7

(1st Cir.1986).

In San Juan, Puerto Rico, this 1st day of April, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

5